IN THE MATTER OF THE APPLICATION FOR LETTERS OF ADMINIS-
TRATION OF THE GOODS, CHATTELS AND CREDITS OF EDWARD
ZEPH, LATE OF THE CITY OF SCHENECTADY, DECEASED.

*Under the Code of Civil Procedure surrogates cannot issue letters upon the estate of a
person civilly dead.*

Upon an appeal from an order of the surrogate of Schenectady county, denying
an application for letters of administration, it appeared that, in November, 1887,
Edward Zeph, who was an inhabitant of Schenectady county, was indicted,
tried and convicted of the crime of murder in the second degree and sentenced
to the State prison for life, and is now in prison under the said sentence.

Fidel Zeph, the only brother of said convicted person, having applied to the
surrogate for letters of administration upon the estate of the said prisoner, the
application was denied by the surrogate, upon the ground that he possessed no
jurisdiction to grant such letters as the said Edward Zeph was still living.

*Held,* that the decision of the surrogate was correct.

That the contention of the appellant that, by force of such conviction and judg-
ment thereon, the said Edward Zeph became and is civilly dead, and that his
estate becomes the subject of administration, the same as though he were actually
dead, could not be sustained as the provisions of the Code of Civil Procedure,
from which surrogates derive their authority to grant letters of administration,
have no application to a case of a civil death, but apply only to cases of actual
death.

That the word "decedent," as used in sections 2660, 2661, 2663, and 2665 of the
Code of Civil Procedure, was intended by the law-makers to be understood and
applied in the usual and ordinary sense of that term, as signifying one who has
departed from this life, one who has died.

*Avery* v. *Everett* (36 Hun, 6; 110 N. Y., 217) followed

APPEAL from an order of the county judge and the surrogate of
Schenectady county, entered on July 18, 1888, denying an applica-
tion for letters of administration.

*Alexander J. Thompson,* for the appellant.

INGALLS, J.:

In November, 1887, Edward Zeph, was an inhabitant of Schenec-
tady county, in this State. He was indicted, tried and convicted of
the crime of murder in the second degree, and sentenced to the
State prison for life, and is now in prison under such sentence.
Fidel Zeph, the only brother of such convicted person, applied to
such surrogate for letters of administration upon the estate of such

prisoner, which were denied by the surrogate, upon the ground that he possessed no jurisdiction to grant such letters, as the said Edward Zeph was still living. We are convinced that the decision of the surrogate was correct. The contention of the counsel for the appellant is, that, by force of such conviction and judgment thereon, the said Edward Zeph became and is civilly dead, and that his estate became the subject of administration the same as though he were actually dead. We are satisfied that the provisions of the Code of Civil Procedure, from which surrogates derive their authority to grant letters of administration, have no application to a case of civil death, but apply only to cases of actual death. It will be perceived, by referring to section 2660 of the Code of Civil Procedure, and the following sections upon that subject, that whenever mention is made of the estate upon which administration may be granted, the word "decedent" is employed, as for instance, in said section 2660 the expression is found : "and of the next of kin of the decedent."

In section 2661 "that the decedent left no will." The same term is to be found in section 2663 and section 2665. We think that the word "decedent," as thus employed in framing the statute, was intended by the law makers to be understood and applied in the usual and ordinary sense of the term. Webster defines the word "decease" as follows : "To depart from this life ; to die." The word "decedent" is defined "a deceased person." There is nothing in the statute, which we discover, which in the slightest degree favors a construction that civil death was intended to be included as a ground for granting such administration ; indeed, the entire proceedings in regard to administering the estates of deceased persons seem to negative the idea that civil death was intended to be included within the cases provided for by such statute. Such right to administration should not be extended by implication, doubtful construction, or judicial legislation. If it should be deemed safe and judicious to include civil death as a ground for granting such letters of administration, the legislature must furnish the remedy, and not the court. The effect of imprisonment for life upon the civil rights of the prisoner was considered in *Avery* v. *Everett* (36 Hun, 6) ; and upon appeal to the Court of Appeals the subject was elaborately discussed ; and the decision of that court is to be found in 110 New York, 317. We understand such decisions to

be, upon principle, adverse to the contention of the appellant's counsel herein. It was suggested by such counsel upon the argument that the discussion of that question in the Court of Appeals should be regarded *obiter*. We do not so regard it, as the question considered was involved in the case discussed by the members of the court, and concurred in generally by all the judges present, except Judge EARL, who delivered a dissenting opinion. Under such circumstances we must regard such question as within the determination of that court in that case, and, so far as it applies upon the question under consideration in this case, is conclusive herein.

The order of the surrogate should be affirmed.

LEARNED, P. J., and LANDON, J., concurred.

Order affirmed.