HERBERT GREEN, Appellant, *v.* STATE OF NEW YORK, Respondent.

(Claim No. 23893.)

Submitted March 16, 1938; decided April 13, 1938.

*Julius Applebaum* and *John F. Tomaney* for appellant. The claim was properly filed and prosecuted under the Court of Claims Act (L. 1920, ch. 922, as amd. L. 1929, ch. 467; L. 1936, ch. 775). (*Jackson* v. *State,* 261 N. Y. 134; *Saxe* v. *Peck,* 139 App. Div. 419.) Section 510 of the Penal Law does not expressly suspend claimant's right during the term of sentence to prosecute for the tort to his person committed after such sentence and during confinement. (*Avery* v. *Everett,* 110 N. Y. 317; *Bowles* v. *Habermann,* 95 N. Y. 246; *Troup* v. *Wood,* 4 Johns. Ch. 228; *Platner* v. *Sherwood,* 6 Johns. Ch. 118; *Davis* v. *Duffi,* 8 Bosw. 617; 3 Keyes, 606; *Bonnell* v. *R., W. & O. R. R. Co.,* 12 Hun, 218.) Section 510 does not expressly or necessarily include "civil rights" acquired *after* the imposition of the sentence. (*Matter of Wendell* v. *Lavin,* 246 N. Y. 115.) The judgment of the Appellate Division is erroneous. (*Bhullar* v. *State,* 248 App. Div. 820.)

*John J. Bennett, Jr., Attorney-General* (*Joseph I. Butler* and *Leon M. Layden* of counsel), for respondent. The claimant is precluded by section 510 of the Penal Law from prosecuting this claim. (*Bowles* v. *Habermann,*

95 N. Y. 246; *State* v. *Powers,* 51 N. J. L. 432; *Murphy* v. *Barron,* 205 S. W. Rep. 49; *Avery* v. *Everett,* 110 N. Y. 317; *Stephani* v. *Lent,* 30 Misc. Rep. 346; *Davis* v. *Duffie,* 8 Bosw. 617.)

O'BRIEN, J. Appellant, while an inmate of Auburn Prison, was injured in the operation of a weaving machine. The Court of Claims found the facts to be that the agents of the State were guilty of negligence, that claimant was free from negligence and concluded as matter of law that his right to file his claim and have it heard and determined is not suspended by section 510 of the Penal Law. An award of $2,500 was made which has been reversed by the Appellate Division and the claim dismissed without prejudice to prosecution of the claim after the present imprisonment has been terminated. (251 App. Div. 108.)

The question here is whether section 510 of the Penal Law suspends claimant's right to sue under section 12-a of the Court of Claims Act (Laws of 1920, ch. 922, as amd. L. 1929, ch. 467) *during the term of his sentence.* The Appellate Division has gone no further than to hold that his right is merely *suspended.* After disability caused by imprisonment has ceased, the right may be exercised. This judgment of the Appellate Division is not in conflict with our recent decision in *Cullen* v. *State of New York* (277 N. Y. 541). In that case, a special statute (Laws of 1933, ch. 547) conferred jurisdiction upon the Court of Claims to hear and determine the claim. In *Bhullar* v. *State of New York* (248 App. Div. 802) jurisdiction to hear and determine was also conferred by a special statute (Laws of 1935, ch. 961). Appellant does not cite any decision whereby, without the assistance of a special statute, one serving a term for felony has obtained, during the term of his sentence, an award under section 12-a of the Court of Claims Act. While the decisions in *Bowles* v. *Habermann* (95 N. Y. 246, 250) and *Avery* v. *Everett* (110 N. Y.

317, 332, 333) are not controlling for the reason that the facts are different, the reasons stated in the opinions are impressive as tending to support the present judgment of the Appellate Division. In the *Bowles* case a motion was made in this court to suspend proceedings on appeal in an action wherein one of the parties had been convicted of a felony after the appeal had been taken. He was sentenced not to a State prison but to a penitentiary and the motion was denied. The section of the Penal Code then under consideration was section 707 and was the same as the present section 510 of the Penal Law. Each provides: " A sentence of imprisonment in a state prison for any term less than for life, forfeits all the public offices, and *suspends, during the term of the sentence, all the civil rights,* and all private trusts, authority, or powers of, or held by, the person sentenced." At page 250 Judge EARL observed: " So, although it may be sound law, under the decisions referred to, that *one sentenced for a felony cannot commence an action to enforce or protect his rights,* yet, if another commences suit against him, he must have a right to *defend* himself." The prior decisions to which the judge referred are *Davis* v. *Duffie* (8 Bosw. 617; 4 Abb. Pr. [N. S.] 478). As reported in 8 Bosw. the opinion states: " the decisions are uniform that although *his right to prosecute an action is suspended* * * * he may be sued." Practically the same words are used in the opinion as reported in 4 Abb. Pr. The case of *Avery* v. *Everett* (110 N. Y. 317, 332, 333) dealt with the right of one sentenced to imprisonment for life and thus civilly dead to inherit real estate under a will. In the course of his opinion Judge ANDREWS, citing *Davis* v. *Duffie* and *Bowles* v. *Herman,* stated the law to be: " The *convict cannot sue,* although he may be sued. * * * He cannot enter into executory contracts and call in aid the courts to enforce them. * * * Most of the difficuties suggested exist in the same degree in the case of convicts sentenced to imprisonment for a term of years,

during which time *their civil rights*, by force of a prior section of the statute (§ 19), *are suspended*. But it is not claimed that this consequence *divests* them of their property during their imprisonment."

Section 60, subdivision 3, of the Civil Practice Act recognizes the absence of right of a person imprisoned for a term less than life to maintain an action during the time of his imprisonment by providing for tolling the Statute of Limitations as in the case of an infant or alien enemy. (See *Nathan* v. *Equitable Trust Co.*, 250 N. Y. 250, 254.)

The judgment should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.