JOHN TOMASELLI, Claimant, v. STATE OF NEW YORK, Defendant.

(Claim No. 23526.)

Court of Claims, August 10, 1938.

*Charles J. Mondo* [*Leon R. Reeder* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J.    Claimant was injured while an inmate of Attica State Prison serving sentence for conviction of a felony.    We are convinced that his injuries were due to the negligence of the prison guards and that claimant was free from contributory negligence and so find.

Were it not for a special act of the Legislature, however, claimant could not recover.    (Penal Law, § 510; *Green* v. *State,* 278 N. Y. 15, 17; *Bhullar* v. *State,* 248 App. Div. 802.)    Claimant's enabling act is chapter 382 of the Laws of 1933, effective April 24, 1933.

Claimant was released from Attica in 1932.    On January 27, 1933, he was indicted for a new offense, also a felony.    He pleaded guilty thereto April 11, 1933, and was sentenced by the Monroe County Court to Auburn State Prison May 2, 1933, for the term of fifteen years.

Did claimant's last sentence, under which he is now serving, destroy the effectiveness of the enabling act and make available to the State the defense of section 510 of the Penal Law?    We hold that it did not, because we believe that the right to sue, granted to claimant by the Legislature when it enacted chapter 382 of the Laws of 1933, is not one of the " civil rights " described in section 510 of the Penal Law.    It is rather a special statutory grant which the Legislature could have withheld had it chosen.    Claimant is entitled to recover herein.

GIBBS, J., concurs.