In the Matter of the Accounting of MABEL E. JOHNSON, as Administratrix of the Estate of GEORGE A. SHAFFER, Deceased.

Surrogate's Court, Suffolk County, April 14, 1945.

*Maurice Breen* for administratrix.

*Harry Paul Fishel,* special guardian for Robert Shaffer.

*Douglas Skidmore,* special guardian for grandson.

HAWKINS, S.  George A. Shaffer died a resident of this county, intestate, on or about January 1, 1944, leaving a daughter, Mabel E. Johnson, who has been duly appointed administratrix herein, and a son, Robert Shaffer, who was convicted as a fourth offender and is now in a State prison, serving a life sentence.  While it is probably immaterial for which crimes this man was convicted, a certificate in the record shows convictions of robbery first degree, grand larceny, second degree, assault, second degree and sentence to life imprisonment as a fourth offender on April 4, 1930.  According to the information furnished the court, Robert Shaffer has a wife and son, the whereabouts of whom are unknown.

The question presented upon the accounting is as to the distribution of the net proceeds of this estate.

Under section 83 of the Decedent Estate Law Mabel E. Johnson, the daughter, and Robert Shaffer, the son and life prisoner, would be the sole distributees.

Does the fact that Robert Shaffer, the son, is serving a life sentence and civilly dead preclude him from sharing in his father's estate?

The question seems novel and never directly passed upon by the courts in this State.

In the New York Law of Wills, by Berkeley Davids, (Vol. 1, § 17) the effect of civil death is reviewed.  "An investigation of the ancient doctrine of civil death, and its effect on the property rights of the criminal, yields much of interest to the student, but little of practical value to the lawyer or judge."

After commenting upon the English and common law, this paragraph goes on to state: " The better opinion, perhaps, conceded to the criminal the right to execute a will, subject, however, to the exaction of a forfeiture of the property by the king pursuant to the proceding known as office found.  *  *  * But whatever the law may have been in Bacon's time, statutes enacted under George III and Victoria swept away the whole doctrine of attainder, corruption of blood, and forfeiture — to the extent, at least, that the property of a felon remained his own and might be disposed of by his will.

" In this state some of the early authorities recognized the doctrine that a convict who has been sentenced to imprisonment for life is civilly dead and possessed of no rights in respect to

property. [Dissenting opinion of Mr. Justice EARL in *Avery* v. *Everett* (110 N. Y. 317, 334) and previously decided cases quoted therein.] But it has long since been settled that a life sentence does not work a forfeiture of the convict's property, nor divest him of the right to transfer his property by will. Furthermore, the statutes relating to the transfer and devolution of property on the death of the owner have in contemplation the proprietor's natural death, not his civil death as the consequence of conviction and sentence.''

This conclusion is also followed in Eager's Heaton on Surrogates' Court (Vol. 8, § 15) in which he states: '' A person who is sentenced to imprisonment whether for life or for a definite period of years or time, is not thereby deprived of the right to inherit or take property of a decedent under the statutes of descent and distribution.''

There are many cases involving judgment creditors, marital relationships, the right to inherit by one who murders his benefactor, insurance cases, but no cases directly applying to inheritance from a common ancestor.

Thus the court must take such cases as construe the law in this jurisdiction and even go to other jurisdictions for a solution to our problem.

One of the leading cases in this State is *Matter of Lindewall* (287 N. Y. 347). Here the husband intervened in the probate proceedings as a surviving spouse. The court held that civil death released the husband or wife from all the property obligations and restrictions. This right of inheritance, however, arose because of the marital relation which was dissolved by operation of law. That is not the fact in the case before us.

Another leading case is *Avery* v. *Everett* (110 N. Y. 317, 332) in which Judge ANDREWS reviews the decisions and legislation not only in this State but in the English courts. He distinguishes the law applying to a natural and civil death and concludes that '' * * * the inference seems almost irresistible that the doctrine that civil death, consequent upon a life sentence, divests the criminal of his estate, had no foundation in our law.''

Robert Shaffer is still the son of the deceased, and nothing in any statute has destroyed that relationship and we must read section 512 of the Penal Law which provides: '' A conviction of a person for any crime does not work a forfeiture of any property, real or personal, or of any right or interest therein '' as well as section 511, which reads as follows: '' A person sentenced to imprisonment for life is thereafter deemed civilly dead.''

There are many other cases submitted.

*Matter of Zeph* (50 Hun 523) where the court again distinguished between natural death and civil death in refusing to grant administration upon the estate of one found to be civilly dead.

All the attorneys for the parties to the controversy have been most helpful in presenting all the cases the court has found, among them being *Jones* v. *Jones* (274 N. Y. 574); *Green* v. *State of New York* (278 N. Y. 15); *Matter of Pallas* v. *Misericordia Hospital* (264 App. Div. 1); *Shapiro* v. *Equitable Life Assurance Society* (182 Misc. 678, affd. 268 App. Div. 854, affd. 294 N. Y. 743); *Matter of Heye* (149 Misc. 890); *Grooms* v. *Thomas* (93 Okla. 87); *Kenyon* v. *Saunders* (18 R. I. 590), and *Estate of Donnelly* (125 Cal. 417).

The courts have repeatedly appointed committees of those found to be civilly dead to protect their rights. If they have no property rights to protect, why appoint a committee?

Certain amendments have been made to the law regarding life imprisonment so that it is now possible for one to be released after serving the maximum sentence of one of the crimes involved. (See Penal Law, § 1945.) Also, such a prisoner may always be the subject of an executive pardon.

Cases in other jurisdictions have been submitted, but no case has been found that divests a man of his right to inherit from his own father in intestacy.

Cases submitted hold that such a person may take by will, deed, or gift, that he has the right to intervene in various court actions, make contracts for which his estate may be held liable, and all tend to the conclusion that a person deemed civilly dead does not divest him of every right, but the disability has limited, restricted application.

Unless or until the legislative branch of our government enacts further legislation upon this subject, it seems clear that civil death does not defeat one's right to inherit where the facts are as before us in the instant case.

The court therefore holds that one half of the estate passes to the daughter, Mabel E. Johnson, the other half to the son Robert Shaffer, and that application may be made for the appointment of a committee to take, hold and administer such funds.

The allowance for the petitioner's attorney is fixed at the sum requested.

Submit decree on five days' notice, providing for the payment of the claim of Mabel E. Johnson, as determined by the court, also fixing the costs and allowances of the respective parties, all payable from the estate.