ISIDORE LIPSCHULTZ, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. M–1407.)

Court of Claims, April 29, 1948.

No appearances.

GORMAN, J. This motion is for assignment of counsel and permission to file a handwritten claim for personal injuries received by an inmate of Clinton Prison, under a felony sentence, the minimum term of which expires in 1993. The court intends to determine the matter on the allegations contained in claimant's affidavit, accepting all of these allegations as true.

The affidavit shows: 1. That Isidore Lipschultz, while an inmate of Clinton Prison, suffered accidental injury to his left hand. 2. Such injuries were caused by the negligence of the State. 3. His earliest possible date of release is 1993. 4. His rights are protected against the running of the statute by virtue of his continuous incarceration. 5. He has no attorney and has no money to engage an attorney or prosecute his claim at this time.

It conclusively appears that claimant was at the time of the accident, has been continuously, and will be for some time at least, a prisoner in a State prison for a term less than life. "One sentenced for a felony cannot commence an action to enforce or protect his rights" until the term of the sentence has expired and this though he may be sued and have a right

to defend himself. (*Bowles* v. *Habermann*, 95 N. Y. 246, 250; *Green* v. *State of New York*, 278 N. Y. 15; *Hayes* v. *State of New York*, 50 N. Y. S. 2d 492.)

Section 510 of the Penal Law reads as follows: "A sentence of imprisonment in a state prison for any term less than for life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced * * *."

Court process is a civil right. (Civil Rights Law, § 10.) The right to sue is one of the rights suspended. (*Green* v. *State of New York*, 278 N. Y. 15, *supra*.) The prosecution of a claim in the Court of Claims is in effect the prosecution of an action in Supreme Court. (*Ehde* v. *State of New York*, 260 App. Div. 511.) Claimant is therefore legally unable to prosecute his claim at this time. He may, however, do so in the future. A claimant who is under a legal disability is compelled only to present his claim within two years after the disability is removed. (*Weber* v. *State of New York*, 267 App. Div. 325; Court of Claims Act, § 10, subd. 5.) The Civil Practice Act and the Rules of Civil Practice of the State of New York contain provisions for suing *in forma pauperis* (Civ. Prac. Act, §§ 196–198-a, 558, 1493; Rules Civ. Prac., rules 35, 36). If applicable, these may then be invoked.

The motion has not been heard. Under these circumstances it seems unnecessary that it be heard. Considering the facts alleged in the moving papers to be true, nevertheless those facts are before the court and the court on its own motion can do what those facts warrant (*Proctor* v. *Mount Vernon Arena, Inc.*, 265 App. Div. 701, revd. on other grounds, 292 N. Y. 168; *Sulzer* v. *Fontheim*, 170 Misc. 552; *Carroll* v. *Warner Bros. Pictures*, 20 F. Supp. 405; *Torquay Corp.* v. *Radio Corp. of America*, 2 F. Supp. 841) and under the instant circumstances it is its duty to do so. (27 C. J. S., Dismissal and Nonsuit, §76, p. 260.)

The order of dismissal herein is granted without prejudice, however, to the proper prosecution by claimant of his claim against the State after his present sentence has been duly terminated.

Application dismissed.