█ WILLIAM MORRIS, Appellant, v. STATE OF NEW YORK, Respondent. (M–3020.) — This is an appeal by the claimant-appellant from an order of the Court of Claims denying his application for leave to file a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. In 1934 appellant was sentenced to State Prison for a term of 10 to 20 years which expired on December 20, 1953. He was released on parole in 1940 and continued thereon with the exception of nine months in 1951 until the termination of his sentence. In 1936 while an inmate of Dannemora State Hospital he alleges he was injured through the negligence of the State and which is the basis of this action. The application for permission to file was made within two years of the termination date, December 20, 1953. The decision of the court below denied the application on the grounds that the expiration date for filing his claim was March 30, 1948, the basis of the decision being an amendment to section 510 of the Penal Law which became effective March 30, 1946, granting permission to file a claim while on parole. The section prior to 1946 read: " A sentence of imprisonment in a state prison for any term less than for life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced." The amendment, the basis for the decision of the court, reads as follows: " but nothing herein contained shall be deemed to suspend the right or capacity of any of the following persons to institute an action or proceeding in a court or before a body or officer exercising judicial, quasi-judicial or administrative functions, with respect to matters other than those arising out of his arrest or detention: * * * b. A person sentenced to state prison for any term less than for life * * * while he is released on parole". In 1942 the claimant had been advised by an attorney that he could not file his claim while on parole and which correctly stated the law as of that date. (*Green* v. *State of New York,* 278 N. Y. 15.) The 1946 amendment was recommended by the Law Revision Commission apparently for a two-fold purpose; to give a parolee the right to sue and to prevent " stale claims " against the State. The statute having started to run, so far as the claimant here is concerned, in March, 1946, it will continue notwithstanding any subsequent disability so that where a disability existing at the time of the accrual of the cause of action is removed, the statute will then run and will not be suspended by any subsequent intervening disability. (54 C. J. S., Limitations of Actions, § 219, pp. 254–255.) A further contention of the claimant that he was not aware of the amendment, while unfortunate, does not toll the running of the statute. (*Havill* v. *State of*

*New York,* 284 App. Div. 932; *Landry* v. *State of New York,* 1 A D 2d 934.) Appellant raises a further point with reference to the amendment to section 510 by chapter 176 of the Laws of 1953 which added thereto "discharged from parole". That this amendment had no effect so far as claimant is concerned is demonstrated by referring to the recommendation of the Law Revision Commission to the Legislature dated December 19, 1952 as follows: "Under section 220 of the Correction Law, some categories of prisoners subject to the provisions of Penal Law, section 510 and 511, may now be discharged from parole. Another group of prisoners are also eligible for discharge from parole under former section 218 of the Prison Law and section 223 of the Correction Law, preserving the operation of the former statute as to prisoners sentenced before July 1, 1928. Therefore, in order to preserve the capacity of these prisoners to sue, in the event of their discharge from parole, the provisions of sections 510 and 511 of the Penal Law permitting them to sue while on parole should be amended to refer as well to discharge from parole." (1953 Report of N. Y. Law Rev. Comm., p. 499.) The claimant does not come under this section as his time for filing a claim expired on March 30, 1948. In *Gilbert* v. *Ackerman* (159 N. Y. 118) the court said at page 124: "There is no question as to the power of the legislature to pass, or to shorten, statutes of limitation. A party has no more a vested interest in the time for the commencement of an action, than he has in the form of the action. The only restriction upon the legislature, in the enactment of statutes of limitation, is that a reasonable time be allowed for suits upon causes of action theretofore existing." Section 510 of the Penal Law and subdivision 5 of section 10 of the Court of Claims Act must be read together and in doing so, there can be only one determination so far as the claimant is concerned, that is that he had two years after the effective date of the 1946 amendment in which to sue. His failure to do so bars his claim. Order affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.