John D. Bennett, S.
This is a proceeding to compel the filing of an account by the administrator of the estate of John Velsor, the decedent, who died intestate on February 4,1952.
The decedent left him surviving as his sole distributee a brother, Samuel Velsor, who also died intestate on November 16,1961.
Following the death of John Velsor, Samuel Velsor and the administrator, who is his son-in-law, filed a certificate of conducting business as partners under the name of J. & S. Velsor as successors in interest to Samuel Velsor and John Velsor, who had apparently previously transacted business under that name.
The administrator has interposed the Statute of Limitations (former Civ. Prac. Act, § 53, presently CPLR, § 213, subd. 1) as a bar to this proceeding, claiming that the partnership agreement between Samuel Velsor and himself was a repudiation of his position as administrator.
It is generally true that a fiduciary cannot be compelled to account if the applicable Statute of Limitations has run since his open repudiation of the trust (Matter of Jacobs, 257 App. Div. 28). While acts which have been held to be sufficient to support a repudiation have fallen into a number of categories, it is generally held that such act or acts should be unequivocal and proof of repudiation clear and satisfactory (see Limitation-Express Trust-Repudiation, Ann. 54 A. L. R. 2d 13, 24). The act of entering into a certificate of conducting business as successor parties, as testified to herein, is equivocal.
The continuation by the administrator of the estate banking account, upon which checks were recently drawn, is certainly *596 inconsistent with his theory that somehow this estate merged into another entity.
Under all the circumstances, the court holds that the Statute of Limitations is not a bar to this proceeding, and an account is directed to be filed by the respondent within 60 days of the settlement of an order to be made herein.