Edward S. Silver, J.
In this proceeding for a compulsory accounting’ by the administratrix, the petitioner is a son of the decedent, who died in 1951. At that time he was confined in a State prison serving a life sentence. Upon his release on parole in J une, 1963, the petitioner made demand upon the respondent, to whom letters of administration were granted on November 5, 1951, that she make payment to him of his distributive share of the estate. Upon her failure and refusal to do so, petitioner instituted this proceeding.
The attorney for the administratrix has filed his own affidavit, opposing the grant of the relief demanded in the petition. The administratrix has failed to file an answer. The affidavit of said attorney is technically insufficient as an answer (Surrogate’s Ct. Act, §§ 49, 50; Matter of Herlihy, 38 N. Y. S. 2d 663). The court will, however, consider the defenses contained in the affidavit of the administratrix’ attorney of the Statute of Limitations and the petitioner’s capacity to sue.
It is well settled that a person serving a life sentence is deemed civilly dead under the provisions of section 511 of the Penal Law but is not divested of his property rights and is entitled to inherit as a distributee under section 83 of the Decedent Estate Law (Penal Law, § 512; Avery v. Everett, 110 N. Y. 317; Matter of Shaffer, 184 Misc. 855; 1 Davids, New York Law of Wills; § 17; 8 Heaton, Surrogates’ Courts [Eager, ed.], § 15). However, while the convict is imprisoned his civil rights are suspended (Penal Law, § 510) and he lacks capacity to sue or bring any action or proceeding (Bamman v. Erickson, 259 App. Div. 1040; Avery v. Everett, supra). Although this disability continued even after the prisoner serving a life sentence was released on parole (Lehrman v. State of New York, 176 Misc. 1022; Matthews v. State of New York, 13 Misc 2d 298), section 511 of the Penal Law was amended (L. 1952, ch. 167, eff. March 25, 1952) by the addition of subdivision 3 thereto, conferring upon a person sentenced to imprisonment for life, while he is released on parole, the right “ to institute an action or proceeding in a court or before a body or officer exercising judicial, quasi-judicial or administrative functions, with respect to matters other than those arising out of his arrest and detention.” Accordingly the court holds that the fact that the petitioner has been sentenced to life imprisonment does not bar him from maintaining this proceeding while he is on parole.
The court will now consider the defense of Statute of Limitations. The 10-year Statute of Limitations applied to the right of a distributee to maintain a proceeding in the Surrogate’s Court against an administrator for an accounting (Matter of *1009 Ashheim, 185 N. Y. 609, affg. 111 App. Div. 176; Matter of Menahan, 224 App. Div. 139), which was shortened to six years by CPLR 213 (subd. 1), added from section 53 of the Civil Practice Act without change of substance. However, the Statute of Limitations did not begin to run until the administrator openly repudiated his obligation to administer the estate (Matter of Contresty, 27 Misc 2d 810; Matter of Menahan, supra; Matter of Anderson, 122 App. Div. 453, 455; Matter of Velsor, 40 Misc 2d 595; Matter of Lewin, 41 Misc 2d 72). As such open repudiation by the administratrix in the case at bar did not occur until after the petitioner’s release on parole in June, 1963, the court holds that the defense of the Statute of Limitations is without merit.
The application to compel the administratrix to render and judicially settle her account is granted. The account shall be filed together with a petition for its judicial settlement and a citation issued thereon directed to all parties in interest within 60 days after service upon the administratrix of a certified copy of the order hereon.