Egbert 0. Brink, J.
This is an application made by one Maude M. Howe for an order granting leave to the petitioner to bring a civil action against Harvey E. Smith, M.D., a Deputy Health Commissioner for the County of Broome, pursuant to section 44 of the Mental Hygiene Law and section 14 of the Public Health Law.
It is the contention of the petitioner that the respondent, acting in his official capacity as Deputy Health Commissioner, committed a tort against her person in applying for the petitioner’s admission to the Binghamton State Hospital by a certification stating that in his opinion, she was dangerous to herself or others and needed immediate care and treatment because of mental illness.
It is the further contention of the petitioner that she was received at the Binghamton State Hospital pursuant to said Health Officer’s certificate and that after six days, she was discharged without mental disorder. It is the petitioner’s contention that the respondent Health Officer did not act in good faith and did not act with reasonable care and upon probable cause in causing the petitioner to be taken to the Binghamton State Hospital.
The application is opposed by the Deputy Health Officer, who is represented by the Broome County Attorney. Several affidavits have been submitted, both in support and in opposition to the application, together with petitioner’s case history with the Broome County Welfare Department, which was subpoenaed by the petitioner.
The aforesaid statutes, while not granting absolute immunity to physicians and others involved in the diagnosis and treatment of mental illness, nevertheless have been enacted for the purpose of affording them reasonable protection from unjustified harassment. It is incumbent upon a petitioner in this type of an application to satisfy the court that the petitioner has a meritorious cause of action. This burden is not met by merely establishing that psychiatrists in a mental hospital made a diagnosis that the patient was without mental illness. This burden can only be met by some indication that the certifying Health Officer acted in bad faith and without probable cause at the time he signed the certification.
It appears from the welfare records and from affidavits of Deputy Sheriffs, that this petitioner has a long history of quarrels and turbulence with neighbors. Also several complaints have been made to the Broome County Health Department by neighbors about the petitioner’s conduct. The complaint which precipitated her certification by the Health Officer, involved a *432 threat of physical violence to one of the neighbors. It is undisputed that the respondent Health Officer made an investigation, talked with the neighbors and conducted a personal interview with the petitioner. A physician, not a psychiatrist, acting in the capacity of Health Officer, is not in a position to make a thorough diagnosis as to whether or not a person is psychotic or mentally ill. He must necessarily depend to some extent upon history of anti-social conduct as well as his own observations. A person who habitually becomes involved in quarrels and feuds with neighbors exposes herself to the possibility of clinical observation in an institution for mental illness.
In the absence of some positive evidence pointing toward bad faith or negligent conduct on the part of the respondent, this court in its discretion, believes that in the interest of justice, petitioner’s application should be denied.