Milton Alpekt, J.
Claimant on his own behalf moves for an order appointing a guardian ad litem to prosecute a claim on his behalf.
Claimant is an inmate of Clinton Prison serving a sentence of 10 to 12 years. He has filed on his own behalf a notice of *205 intention to file a claim alleging injuries suffered during his detention by reason of maltreatment by guards at the prison. He here moves for the appointment of a guardian ad litem to prosecute his claim on his behalf.
It has been held that section 79 of the Civil Rights Law of the State of New York suspends the right of a person while imprisoned in a State prison to institute an action in this court with respect to matters arising out of his detention (Green v. State of New York, 278 N. Y. 15; Hewson v. State of New York, 27 A D 2d 358) and that what could not be done directly by one so imprisoned could not be accomplished indirectly through a legal representative (Hewson v. State of New York, supra, pp. 361-362).
Section 79 was added to the Civil Rights Law, effective September 1, 1967. However, the section was derived from section 510 of the former Penal Law, as amended by chapter 260 of the Laws of 1946, wherein the right to sue, except with regard to matters arising out of arrest and detention, was conferred upon persons sentenced to State prison, but while execution of the judgment was suspended, or while the person was released on parole. The section was amended further by chapter 525 of the Laws of 1950, by conferring the rights under the section on persons sentenced for an indeterminate term, and again amended further by chapter 176 of the Laws of 1953, by conferring the right to sue on a person after discharge from parole. Thus, the law therein with respect .to prisoners and the exception therein with regard to matters arising out of their detention dates back at least to 1946.
In 1947, section 6-b was added to the Correction Law forbidding a civil action against the Commissioner, or a Deputy Commissioner of Correction or any officer or employee of a State institution for the criminally insane or mentally defective persons, in his personal capacity, for alleged damages because of any act done or failure to perform any act while discharging his official duties, without first obtaining a leave of a Judge of the Supreme Court of this State. Any just claim for such damages, for which the State would be legally or equitably liable, was required to be brought and maintained in the Court of Claims as a claim against the State. This section was amended by chapter 435 of the Laws of 1962, by adding State “ prison or reformatory ” personnel to those covered by the section. Thus, by amendment in 1962, section 6-b and the procedure provided therein became applicable to acts of State prison personnel while discharging their official duties. Obvi *206 ously, these would involve acts with respect to physical injuries inflicted on prisoners while in prison.
Based oh rules of statutory construction concerning intention of the Legislature in the enactment of statutes, it would appear that such section 6-b, as amended in 1962, supersedes, pro tanto, the civil death statute (Civil Rights Law, § 79) and envisages the bringing-of a claim in.the Court of Claims by a prisoner while imprisoned in a State prison or reformatory for personal injuries inflicted on him while so imprisoned, provided he obtains leave from the Supreme Court of this State as provided in such section 6-b. If the 1962 amendment was intended to apply only to such claims brought after release from prison, then there would have been no need for the amendment, because a claim could have been brought at such time without further statutory authorization (Court of Claims Act, § 8; § 10, subd. 5, last sentence; Green v. State of New York, supra and Hewson v. State of New York, supra). This court’s construction of the 1962 law as pro tanto superseding section 79 of the Civil Rights Law is supported by the following quotation from a decision of the United States Court of Appeals, Second Circuit, concerning a prisoner of this State while" in prison: “Indeed, until relatively recently it was clear that Wright could not even have prosecuted a claim in a New York Court because New York’s civil death statute imposed a complete bar to suits by prisoners while incarcerated. See, e.g., Green v. State of New York * * * Burns v. City of New York, 21 A. D. 2d 767 * * *. Since the amendment of section 6-b of the Correction Law in 1962 * * * a right of action (with leave of a Supreme Court Judge) is afforded for the recovery in the New York State Court of Claims of damages resulting from injuries inflicted by an employee or dfficer of a state prison ’ ’. (Wright v. McMann, 387 F. 2d 519, 523 [1967].)
The possibility of so construing section 6-b was raised in the State’s brief in the Wright case. The spirit of the above construction of section 6-b compares with that in Matter of Marcelin v. Scott (33 A D 2d 588 [3d Dept., Oct. 20, 1969]), concerning construction of the recent amendment of section 79-c of the Civil Rights Law by chapter 658 of the Laws of 1969, which made injunctive relief from State courts available to prisoners while in prison.
It is noted that the Wright and Marcelin cases involve the availability of injunctive relief to prisoners while in prison with respect to their treatment there. This being so, it is not unreasonable to construe the 1962. amendment of section 6-b of the Correction Law as affording a procedure for bringing a *207 claim in the Court of Claims while a prisoner is still in prison for damages for alleged injuries inflicted upon him.
As all conditions precedent to the commencement of a claim in the Court of Claims have not been met in the instant matter, claimant’s motion is denied without prejudice. In doing so the court does not pass upon the question of whether a guardian ad litem may be appointed as requested by the claimant (CPLR 1201).