Johe T. Casey, J.
Pursuant to section 6-b of the Correction Law the petitioner, an inmate of a State prison, has applied for permission to sue the Commissioner of Correction and the Warden of Clinton Prison for damages caused by their alleged failure to protect him from an assault by a fellow inmate. The petitioner is serving a sentence of imprisonment in Clinton Prison for a term less than for life.
A determination of whether such relief should be granted depends on the interpretation of section 6-b of the Correction Law and section 79 of the Civil Eights Law. Section 6-b, as *171 relative to this application, provides: “no civil action shall be brought in any court against the commissioner or deputy commissioner of correction or an officer or employee of a state prison or reformatory * * * in his personal capacity, for alleged damages because of any act done or failure to perform any act, while discharging his official duties, without leave of a judge of a supreme court, first had and obtained.”
Section 79 of the Civil Eights Law (formerly section 510 of the Penal Law) provides: “A sentence of imprisonment in a state prison for any term less than for life * * * forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights * # * held by, the person sentenced ; but nothing herein contained shall be deemed to suspend the right or capacity of any of the following persons to institute an action or proceeding in a court * * * with respect to matters other than those arising out of his arrest or detention:
“ a. A person sentenced to state prison for any term less than for life * * * on whom sentence was imposed and the execution of the judgment suspended, while the execution of the judgment remains suspended;
“ b. A person sentenced to state prison for any term less than for life * * * while he is released on parole, or after he has been discharged from parole.”
Clearly, under section 79, while a convict is imprisoned his civil rights are suspended and he lacks capacity to sue or to bring any action or proceeding. (Matter of Cirello, 50 Misc 2d 1007.) In certain instances those persons on whom sentence was imposed and the execution of the judgment suspended and persons who have been released on parole or who have been discharged from parole are excepted from the prohibitory provisions of section 79 and have the right to institute an action or a proceeding in a court with respect to matters other than those arising out of arrest and detention. (Matter of Cirello, supra.)
Since the petitioner is presently in prison and does not fall within any of the exceptions, his application for permission to sue must be denied, unless as some courts have indicated, section 79 was repealed by implication by the 1962 legislative amendment to section 6-b of the Correction Law. The possibility of section 6-b of the Correction Law superseding pro tanto the Civil Death Statute was mentioned, obiter dicta, in Wright v. McMann (387 F. 2d 519, 523, n. 9). The court acknowledged, however, that the New York courts have not (as yet) so ruled and not a single instance was referred in which this section was utilized. The only New York case supporting this position is Cataliotti v. State of New York (61 Misc 2d 204). Therein the *172 court stated that a prisoner could bring an action for injuries inflicted upon him by prison personnel while he was in prison because the Legislature by amending section 6-b of the Correction Law so as to include prison and reformatory personnel repealed by implication section 79 of the Civil Rights Law insofar as it suspended the right of a prisoner to institute such an action while imprisoned. I read no such interpretation or intention into the 1962 amendment of section 6-b of the Correction Law.[1]
The purpose of section 6-b is to afford reasonable protection from unjustified harassment to the persons covered thereby. (See Matter of Howe v. Smith, 58 Misc 2d 430.) Furthermore, that section is not limited to suits by inmates, but applies to all parties who bring an action against the persons named therein in their personal capacities for acts performed or not performed while discharging their official duties. Section 79 of the Civil Rights Law was formerly section 510 of the old Penal Law and is a codification of the common-law principle of civil death. (See Matter of Lindewall, 287 N. Y. 347.)
In my view it is only when the prisoner petitioner is able to bring himself within the exceptions of section 79 of the Civil Rights Law that any cause of action at all has accrued to him. Once within these exceptions he must then obtain leave of a Justice of the Supreme Court, as must any one else, if his proposed suit is against the Commissioner of Correction or an officer or employee of a State prison or reformatory. (Correction Law, § 6-b.)
By so reading the two statutes together both are sustained. This interpretation is held necessary because repeals by implication are not favored by the courts; as a general rule a statute is not deemed to repeal an earlier one without express words of repeal, unless the two are in such conflict that both cannot be given effect. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 391.) If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for two apparently conflicting acts that construction should be adopted. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, •§ 391.) Since section 79 of the Civil Rights Law was formerly section 510 of the Penal Law, some effect must be given to section 2500 of the former Penal Law which prohibited an implied repeal of *173 any provision of that law. (Former Penal Law, § 2500; present Penal Law, § 500.00, repealed eff. Sept. 1,1967: see McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 391.) It must also he considered that when the former Penal Law was repealed and the new one adopted effective September 1, 1967, section 510 of the former Penal Law was not omitted but was purposefully transferred to the Civil Rights Law as section 79 — an expression of the legislative intention to preserve the provisions thereof. Furthermore, it seems unlikely that the Legislature in 1962 while imposing a condition (permission of a Supreme Court Justice) upon civil actions brought by any person (including prisoners) against prison and reformatory personnel, in the same breath would remove a restriction upon actions by prisoners so firmly entrenched as section 510 of the former Penal Law (now Civil Rights Law, § 79).
Finally, the Legislature, in CPLR 208 expressly provides for the tolling of the Statute of Limitations when a cause of action accrued while the claimant was imprisoned for a term of less than life and for the postponement of the action until such disability ceases, not, however, beyond 10 years after the cause of action accrued. If the Legislature had intended to remove the limitation of section 79 of the Civil Rights Law concerning suits by inmates against prison and reformatory personnel, it seems it would have excluded such actions from the tolling provisions of CPLR 208. Its failure to do so is some indication of legislative intent not to limit the - provisions of section 79 by the 1962 amendment of section 6-b. (Green v. State of New York, 278 N. Y. 15.)
In Hewson v. State of New York (27 A D 2d 358, 360, app. dsmd. 20 N Y 2d 758) after acknowledging that there have been attempts by judicial decisions to whittle down section 510 of the former Penal Law (now Civil Rights Law, § 79) almost to the extent of making the suspension meaningless, the court noted ‘[1] if the force and intent of this section is to be amended, it should be by legislative action and not by judicial construction amounting to an amendment”. The court then held that since the prisoner could not prosecute his claim for personal injuries sustained while working in the press shop of the prison, until his release, neither could his trustee appointed pursuant to article 14 of the Correction Law prosecute the claim for him.
For the reasons advanced herein, permission may not be granted to the prisoner. To hold otherwise removes the force and effect of the Civil Death Statute by judicial decision despite its clear wording to the contrary and its apparent compatibility *174 with section 6-b after its 1962 amendment. (See Green v. State of New York, supra; Matter of White v. of New York, 166 Misc. 481.)
His petition for leave, therefore, is denied as premature but without prejudice to be renewed when and if he falls within an exception of section 79 of the Civil Bights Law and then by leave of a Justice of the Supreme Court first had and obtained in accordance with section 6-b of the Correction Law, if his suit be against any of the personnel named or described therein.

. Inasmuch as the petitioner also seeks an action against the Commissioner of Correction and since the Commissioner was included within section 6-b prior to the amendment, the rationale of the cases cited would not apply to the petitioner’s request for permission to sue the Commissioner.