Leonard J. Supple, J.
Defendant moves to dismiss the action upon the ground that it was not commenced within the one-year period specified in subdivision 1 of CPLB 215.
On July 7, 1970, -plaintiff instituted this action to recover damages for personal injuries. On or about March 15, 1969, it is said, the plaintiff while imprisoned in the Dutchess County jail became ill and because of the alleged failure of the defendant to promptly provide medical assistance “ suffered an acute appendicitis attach [sic] with a perforated appendix and a thrombo phlebitis
At the time when the plaintiff became ill, he was in the defendant’s custody after having pleaded guilty to a felony charge but sentence had not yet been pronounced. After his recovery and on April 16, 1969, he was sentenced to an indeterminate .term in State prison and has been incarcerated in a State prison since that date.
Section 79 of the Civil Bights Law says that a sentence of imprisonment in a State prison for any term less than for life suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by the person sentenced, with certain exceptions not here relevant. It *237 has heen held that the statute bars an action by a prisoner for damages caused by an accident which occurred during imprisonment. (Green v. State of New York, 278 N. Y. 15.)
The defendant argues that the holding in Green has been eroded both by legislative enactment and by court decisions, primarily Federal, to the point where this court should not now apply the rule. If the rule is not applicable and the plaintiff was not disabled from commencing this suit within the one-year period following the onset of his illness, the cause of action would be barred because this kind of action must be commenced within one year after its accrual (CPLB 215, subd. 1). The plaintiff says that the rule is in force and therefore any dismissal of the action should be without prejudice to the institution of a new action after the disability has ceased, as authorized by CPLB 208.
The Appellate Division, Fourth Department, has recently reaffirmed the rule of Green v. State of New York (supra) by its holding in Hewson v. State of New York (27 AD 2d 358). Although such decision was rendered by the Appellate Division, Fourth Department, this court is nevertheless bound by that determination in the absence of a contrary ruling in this department, or a later contrary ruling in any other department. (1 Carmody-Wait, New York Practice, § 2:63.) It follows that the plaintiff did not have capacity to sue at the time this action was instituted and therefore it should be dismissed on that ground rather than on the ground that the action is barred by the Statute of Limitations.
Accordingly, the court, pursuant to the authority of subdivision (c) of CPLB 3211, will grant an order directing the entry of summary judgment dismissing the action upon the ground the plaintiff did not have capacity to sue with costs and disbursements, such dismissal to be without prejudice to the institution of a new action seeking the same relief for the same cause brought within the time limits described by CPLB 208 after the plaintiff’s disability has ceased.