**Essex RAY, Plaintiff-Appellant,**

v.

**Harry FRITZ, Superintendent, Auburn Correctional Facility, Defendant-Appellee.**

**No. 115, Docket 72-1455.**

United States Court of Appeals, Second Circuit.

Argued Sept. 11, 1972.

Decided Oct. 19, 1972.

Robert A. Stolzberg, New York City (William E. Hellerstein, The Legal Aid Society, Barbara A. Shapiro, New York City, on the brief), for appellant.

Benton J. Levy, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellee.

Before FRIENDLY, Chief Judge, and LUMBARD and FEINBERG, Circuit Judges.

PER CURIAM:

Essex Ray, an inmate of Clinton Correctional Facility, Dannemora, New

York,[1] sued in the United States District Court for the Northern District of New York under 42 U.S.C. § 1983, alleging that prison authorities had deprived him of good time credit and placed him in punitive confinement, thereby violating his constitutional rights. Relying upon Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed. 2d 75 (1970), Chief Judge Foley dismissed the complaint because plaintiff had failed to exhaust state administrative remedies before filing his section 1983 action. Oddly enough, although appellant was allegedly deprived of a substantial good time allowance, his complaint seeks only damages. New York State administrative remedies for prisoners do not apply to damage claims. Therefore, whatever effect the Supreme Court decisions in Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (per curiam), and Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L. Ed.2d 569 (1972) (per curiam), may have upon the *Eisen* requirement that administrative remedies must be exhausted, that doctrine is inapplicable here.

▆▆ We would thus remand without further ado were it not for the grant of certiorari by the Supreme Court in Oswald v. Rodriguez, 407 U.S. 919, 92 S. Ct. 2459, 32 L.Ed.2d 805 (1972), decided by this court en banc sub nom. Rodriguez v. McGinnis, 456 F.2d 79 (1972). In that case, two members of this panel took the position that applications by state prisoners seeking a change in the length or conditions of confinement should be regarded as petitions for ha-

beas corpus no matter what they were called, and subject to the requirement of 28 U.S.C. § 2254(b) that state judicial remedies be exhausted. However, that view would not affect a prisoner's suit under 42 U.S.C. § 1983 seeking only damages. Moreover, there is a serious question whether appellant—according to the record before us, still a prison inmate—would have an adequate state judicial remedy for damages in any event. In the most recent case on the question, the New York State Supreme Court ruled that the section of the Correction Law (now section 24) regulating actions for damages arising from the acts of prison employees[2] did not repeal the general provisions of section 79 of the New York Civil Rights Law, McKinney's Consol.Laws, c. 6, O'Brien v. McGinnis, 63 Misc.2d 170, 311 N.Y.S.2d 553 (1970); *contra*, Cataliotti v. State, 61 Misc.2d 204, 305 N.Y.S.2d 28 (Ct.Cl. 1969). Section 79 provides that a prisoner serving a sentence for any term less than life is deprived "during the term of the sentence" of his civil rights (presumably including the right to institute suits against prison officials). Thus, the latest New York view seems to be that a suit for damages under the Correction Law is not now available to appellant. All the members of this panel agree that in the absence of an adequate state administrative or judicial remedy, a federal court must hear a suit by a prisoner under section 1983. Under these circumstances, we do not think it appropriate to delay disposition of this case, as appellee suggests, until the Supreme Court decides *Rodriguez*.

Case remanded for further proceedings consistent with this opinion.

---

1. When the lawsuit began, appellant was confined at Auburn Correctional Facility, Auburn, New York.

2. Prior to 1970 the statutory provision limiting suits against commissioners, officers and employees of the Department of Corrections was codified in section 6-b. In 1970 the section was amended in minor details, N.Y.Sess.Laws c. 476 § 3 (1970) (McKinney), and renumbered as section 24. N.Y.Sess.Laws c. 475 § 5 (1970)

(McKinney). In 1971 the provision was repealed, N.Y.Sess.Laws c. 1104 § 1 (1971) (McKinney), and this year a new section 24 was enacted. N.Y.Sess.Laws c. 283 § 15 (1972) (McKinney). The new law forecloses private damage suits against prison employees for actions "within the scope of [their] employment and in the discharge of [their] duties," but, like its predecessors, permits the injured party to sue the state in the Court of Claims.