**Australia JOHNSON, Plaintiff,**

v.

**A. GLICK, Warden of Manhattan House of Detention for Men, Employee-Officer John, Defendants.**

**No. 72–2645.**

United States District Court,
S. D. New York,
Civil Division.

Nov. 27, 1972.

---

Australia Johnson, pro se.

Norman Redlich, Corp. Counsel, New York City, Thomas F. Burchill, Fresh Meadows, N. Y., of counsel, for defendants.

## OPINION

KNAPP, District Judge.

Plaintiff, then a prisoner in the Manhattan House of Detention for Men, brought this action for money damages under 42 U.S.C. Section 1983 against defendants A. Glick, the Warden, and against a corrections officer identified only as "Badge # 1765", upon whom service of process has not been possible because it has been established that the person to whom that badge is assigned was not working in the House of Detention on the day in question. Defendant Glick moves to dismiss the complaint against him for failure to state a cause of action. The motion is granted.

The complaint, though inartistic, is eloquent and presents a picture of an unmotivated assault by a prison guard. The assault was apparently precipitated by the guard's conclusion that the plaintiff was acting in a disrespectful manner. The assault is alleged to have taken place after the plaintiff had been returned from an appearance in court. There is no suggestion that the guard intended to hinder or prevent the plaintiff from asserting his rights in any court, or that he was acting in reprisal for past assertions of such rights. It is not claimed that the assault was racially motivated or that it followed or preceded any other assault upon the plaintiff.

The case therefore seems to present the question whether every assault upon a prisoner giving rise to a tort action under state law becomes actionable under Section 1983 simply because the person assaulted was in custody and the tortfeasor was a prison guard.[1] In other circuits there are decisions which would seem to require an affirmative answer to that question. See, e. g., Tolbert v. Bragan, 451 F.2d 1020 (5th Cir. 1971); Collum v. Butler, 421 F.2d 1257 (7th Cir. 1970), Wiltsie v. California Dept. of Corrections, 406 F.2d 515 (9th Cir. 1968), but cf. Davis v. United States, 439 F.2d 1118 (8th Cir. 1971). So far as I am aware no decision in this circuit requires such a conclusion, and it is one at which I would arrive only under constraint. Having ruled that plaintiff has stated no cause of action under Section 1983 against the unserved officer, it is not necessary to consider the further question of whether the Warden, Glick, would be answerable for the act of his subordinate.[2]

Plaintiff has applied for the appointment of counsel. That application is granted and the Court appoints John Sprizzo, Esq., to determine whether there should be an application to this Court to file an amended complaint or whether an appeal from this order should be taken.

So ordered.

---

1. It should be noted that plaintiff has since been convicted of manslaughter and is now serving a term in state prison. His state cause of action against these defendants has therefore been suspended pursuant to New York Civil Rights Law Section 79. I do not read Ray v. Fritz (2nd Circuit) 468 F.2d 586 as indicating that the suspension of a plaintiff's state cause of action gives rise to a federal right that did not previously exist.

2. Were the complaint not being dismissed for failure to state a cause of action, the Court would appoint counsel to assist the plaintiff in identifying and serving the guard actually involved.