477 F.2d 636
 Theodore GOETZ, by his next friend Jane Sanford, Appellant,
v.
George S. ANSELL, Individually and as President of Board of
Education of North Colonie Central School
District, et al., Appellees.
 No. 774, Docket 73-1352.
 United States Court of Appeals,
Second Circuit.
 Argued March 21, 1973.
Decided April 19, 1973.
 
 Alan H. Levine, New York City (Eve Cary, New York City, Margrethe Powers, Albany, N. Y., on the brief) for appellant.
 David W. Morris, Albany, N. Y., for appellees.
 Before SMITH, FEINBERG and MANSFIELD, Circuit Judges.
 FEINBERG, Circuit Judge:
 Plaintiff Theodore Goetz, a senior at Shaker High School in Latham, New York, an honor student and the president of his class, refuses to participate in the Pledge of Allegiance because he believes "that there [isn't] liberty and justice for all in the United States." Defendants George S. Ansell, President of the Board of Education of North Colonie Central School District, Charles Szuberla, Superintendent of Schools in that district, the Board of Education of the district, and Arthur E. Walker, principal of Shaker High School, have offered plaintiff the option of either leaving the room or standing silently during the pledge ceremony. But plaintiff maintains that he has a first amendment right to remain quietly seated, even though if he adheres to that position, he faces suspension from school. This is the basis of his action brought by his next friend Jane Sanford in the United States District Court for the Northern District of New York under 42 U.S.C. Sec. 1983. After a hearing before Chief Judge James T. Foley on plaintiff's application for a preliminary injunction, the judge dismissed the complaint for failure to exhaust administrative remedies and, alternatively, ruled against plaintiff on the merits. We conclude that both rulings were erroneous.
 * Judge Foley clearly had in mind that "[a]ny person conceiving himself aggrieved" by the act of a school official may, under N.Y.Educ.Law Sec. 310, McKinney's Consol.Laws, c. 16, appeal to the New York State Commissioner of Education. The judge also referred in his opinion to a possible appeal to defendant Board of Education. Putting to one side the question whether the doctrine of exhaustion of administrative remedies still applies in a section 1983 suit,[1] invoking it on these facts was clearly unwarranted. The Board of Education had ruled on the precise point only a year earlier in a case involving plaintiff's older brother; indeed, plaintiff had testified before the Board as a witness in that case. Thus, this remedy was "certainly or probably futile." Eisen v. Eastman, supra note 1, 421 F.2d at 569. Similarly, the State Commissioner of Education had ruled on the issue in 1970, holding that requiring a student "either to stand silently or to leave the classroom" did not infringe his rights.[2] The Commissioner cited that decision with implicit approval the following year,[3] and thereafter issued guidelines that indicated no subsequent change of heart.[4] Under these circumstances, there was no real remedy to exhaust.[5]
 II
 This brings us to the merits of plaintiff's case. In West Virginia State Board of Education v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943), the Court made clear, in Mr. Justice Jackson's memorable words, that
 no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein.
 Id. at 642, 63 S.Ct. at 1187. It is true that the Court dealt in that case with the compulsion of saluting the flag and reciting the pledge, whereas here plaintiff is given the option of standing silently. But the Court in Barnette was aware that the state might demand other "gestures of acceptance or respect: . . . a bowed or bared head, a bended knee," id. at 632, 63 S.Ct. at 1182, and reiterated that the state may not compel students to affirm their loyalty "by word or act." Id. at 642, 63 S.Ct. 1178. In this case, the act of standing is itself part of the pledge. New York State Regulations so provide;[6] and standing "is no less a gesture of acceptance and respect than is the salute or the utterance of the words of allegiance." Banks v. Board of Public Instruction, 314 F.Supp. 285, 296 (S.D.Fla.1970) (three-judge court), aff'd mem., 450 F.2d 1103 (5th Cir. 1971).[7] Therefore, the alternative offered plaintiff of standing in silence is an act that cannot be compelled over his deeply held convictions. It can no more be required than the pledge itself.
 Defendants point out, however, that plaintiff has the option of leaving the classroom; he is not, as in Barnette, excluded from the school. While we agree that the effect upon plaintiff of adhering to his convictions is far less drastic than in Barnette, we do not believe that this disposes of the case. If the state cannot compel participation in the pledge, it cannot punish non-participation. And being required to leave the classroom during the pledge may reasonably be viewed by some as having that effect, however benign defendants' motives may be. See Abington School District v. Schempp, 374 U.S. 203, 292, 83 S.Ct. 1560, 1608, 10 L.Ed.2d 844 (1963) (Brennan, J., concurring) ("[T]he excluded pupil loses caste with his fellows, and is liable to be regarded with aversion, and subjected to reproach and insult.").
 
 
 1
 Recognizing the force of Barnette and of Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) (upholding right of students to wear black arm band), defendants concede that plaintiff has a protected first amendment right not to participate in the pledge. They argue, however, that the other students also have rights and that Tinker does not protect conduct that
 
 
 2
 materially disrupts classwork or involves substantial disorder or invasion of the rights of others . . . .
 
 
 3
 Id. at 513, 89 S.Ct. at 740. The argument is sound, but the facts of this case do not justify applying it. There is no evidence here of disruption of classwork or disorder or invasion of the rights of others. The record is just to the contrary: Plaintiff took a poll of his approximately 30 classmates; 25 said that it did not disturb them that plaintiff had remained seated during the pledge earlier in the year and the other five he "could not contact or else they did not see" him. Defendants ask where, if plaintiff prevails, the line is to be drawn. May plaintiff "kneel, lie down, stand on his hands? May he make derisive motions?"[8] Those situations are not before us, and we doubt that they will occur in the North Colonie Central School District, any more than they have occurred in the New York City school system after Judge Judd's decision in Frain v. Baron, supra note 4, which wholly accepted plaintiff's position. Of course, if such disruptive acts should occur, we would have no hesitancy in holding them unprotected. But we do not believe that a silent, non-disruptive expression of belief by sitting down may similarly be prohibited.[9] While we do not share plaintiff's resistance to pledging allegiance to this nation, his reservations of belief must be protected. In time, perhaps, he will recognize that such protection is sound ground for a firmer trust in his country.
 
 
 4
 J. JOSEPH SMITH, Circuit Judge (concurring):
 
 
 5
 I fully concur in the reasoning of my brother Feinberg. However, I do not share in any possible implied doubt that any requirement of exhaustion of administrative remedies in Sec. 1983 cases has survived Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (per curiam).
 
 
 
 [1]
 See H. Friendly, Federal Jurisdiction: A General View 100 & n. 111 (1973) (discussing Eisen v. Eastman, 421 F.2d 560, 569 (2d Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970)); Russo v. Central School District No. 1, 469 F.2d 623, 628 n. 5 (2d Cir. 1972), cert. denied, 411 U.S. 932, 93 S.Ct. 1899, 36 L.Ed.2d 391 (1973); James v. Board of Education, 461 F.2d 566, 570-571 (2d Cir. 1972), cert. denied, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 491 (1972). But see Carter v. Stanton, 405 U.S. 669, 670-671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (per curiam); Wilwording v. Swenson, 404 U.S. 249, 251-252, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (per curiam)
 
 
 [2]
 In re Bielenberg, 9 Ed.Dept.Rep. 196 (1970)
 
 
 [3]
 In re Bustin, 10 Ed.Dept.Rep. 168, 169 (1971)
 
 
 [4]
 New York State Education Dep't, Guidelines for Students Rights and Responsibilities 16 (undated pamphlet), which, while citing a recent district court decision upholding the Commissioner's position, Richards v. Board of Education, 70-C-625 (E.D.N.Y. July 10, 1970), unaccountably makes no reference to a decision of the same court enjoining enforcement of this very rule in New York City schools. Frain v. Baron, 307 F.Supp. 27 (E.D.N.Y.1969)
 
 
 [5]
 This probably explains why defendants do not press the exhaustion argument on appeal
 
 
 [6]
 "In giving the pledge to the flag, the procedure is to render the pledge by standing with the right hand over the heart." 8 CRRNY Sec. 108.5(b). (Emphasis added.)
 
 
 [7]
 The decision of the three-judge court in Banks was appealed to the Supreme Court, which vacated and remanded "so that a fresh decree may be entered from which a timely appeal may be taken to the United States Court of Appeals . . . ." 401 U.S. 988, 91 S.Ct. 1223, 28 L.Ed.2d 526 (1971). The single judge then entered an order adopting the findings of fact and conclusions of law of the three-judge court concerning the first amendment issue. This order was then affirmed by the circuit court, as indicated in the text
 
 
 [8]
 Appellees' Brief, at 8
 
 
 [9]
 Contrary to defendants' suggestion, this court's decision in Russo v. Central School District No. 1, supra note 1, does not represent a rejection of the holding in Frain v. Baron, supra note 4, and is in no sense contrary to the result that we reach here