**Francis C. PLANO, Appellant,**

v.

**Clifford W. BAKER, Individually and as Supervising Principal of the Westmoreland Central School District, et al.,**
**Appellees.**

No. 4, Docket 74–1527.

United States Court of Appeals,
Second Circuit.

Argued Sept. 12, 1974.

Decided Oct. 11, 1974.

Bernard F. Ashe, Albany, N. Y. (James R. Sandner and Ivor R. Moskowitz, Albany, N. Y., of counsel), for appellant.

Michael P. DeSantis, Utica, N. Y., for appellees Baker, Melie, Acee, Barns, Nowak, Plehn, Richards, Romeo, Walker in their official capacities and for appellee Bd. of Ed. of the Westmoreland Central School Dist.

Arthur F. Barns, Utica, N. Y. (Evans, Severn, Bankert & Peet, Utica, N. Y.), for appellees Baker, Melie, Acee, Barns, Nowak, Plehn, Richards, Romeo, and Walker, individually.

John C. Scholl, Utica, N. Y., for appellee F. Wright Johnson.

Before KAUFMAN, Chief Judge, and SMITH and TIMBERS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Francis C. Plano appeals from an order of the United States District Court for the Northern District of New York, James T. Foley, *Chief Judge*, granting appellees' motions to dismiss and denying appellant's motion for a temporary restraining order and preliminary injunction. Appellant, a probationary teacher in the Westmoreland Central School System, Westmoreland, New York, instituted an action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) alleging that he was discharged from his position during the 1973–74 school term for activity protected by the First Amendment and in a manner that deprived him of his right to procedural due process under the Fourteenth Amendment. He sought reinstatement, back pay and damages, and moved for a temporary restraining order and preliminary injunction. Appellees, the Supervising Principal of the Westmoreland Central School District, the District Superintendent of Schools of Oneida 1—Madison-Herkimer Counties, the clerk and members of the Board of Education of the Westmoreland Central School District (all of whom were sued individually and in their official capacities) and the Board of Education of the Westmoreland Central School District moved to dismiss the complaint for failure to state a claim upon which relief could be granted and for failure to exhaust state

administrative remedies. It was uncontested that appellant had failed to appeal the Board's order of dismissal to the New York State Commissioner of Education despite the fact that he had a right to do so pursuant to N. Y. Education Law § 310 (McKinney's Consol. Laws c. 16, 1969). Rather than going to the Commissioner, he went to Judge Foley. Relying on our decisions in Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970), and Blanton v. State University of New York, 489 F.2d 377 (2d Cir. 1973), requiring exhaustion of state administrative remedies in civil rights actions, Judge Foley sent him to the Commissioner, but he came here instead. We hold that the administrative remedy in this case was inadequate, and we therefore reverse and remand for further proceedings.

## I.

■ Appellant would have us abandon the exhaustion requirement of Eisen and Blanton. It is undeniably true that statements in various Supreme Court opinions appear to cast some doubt on that requirement.[1] We dealt with most of those opinions in Eisen, 421 F.2d at 567–569, and in Blanton, 489 F.2d at 384, and there is no need to repeat those discussions here. Subsequent to Blanton, the Supreme Court decided Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), holding that the doctrines of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) do not preclude an action in federal court seeking a declaratory judgment that a state criminal statute is unconstitutional in those cases of actual controversy where no state criminal proceeding has yet been initiated. In the

course of its opinion, the Court observed:

> When federal claims are premised on 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3)—as they are here—we have not required exhaustion of state judicial or *administrative* remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights.

415 U.S. at 472–473, 94 S.Ct. at 1222 (emphasis added). This language, standing alone, concededly appears contrary to Eisen and Blanton. There are several factors, however, which we must admit argue against the claim that Eisen and Blanton have definitely been overruled. First, the statement from Steffel is dictum; the holding of that case involved state judicial proceedings, not state administrative remedies. See, Blanton, 489 F.2d at 384 & n. 9 (distinguishing Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Second, there is ample breathing room under our holdings for allowing civil rights actions to proceed without requiring "a wooden application of the exhaustion doctrine." Eisen, 421 F.2d at 569. Thus, we have not required exhaustion of state administrative remedies where their pursuit would be futile[2] or inadequate.[3] Third, we recognize that there are benefits to be derived from a sensible application of the exhaustion doctrine.[4] In light of these factors, this Circuit's exhaustion rule should be subjected to re-examination only in a case requiring that issue to be reached. We have concluded that, under the facts of this case, the administrative remedy was inadequate. There is thus no need to decide whether Eisen and Blanton retain validity, and we decline appellant's invitation to do so.

---

1. *See* Goetz v. Ansell, 477 F.2d 636, 639 (2d Cir. 1973) (concurring opinion).

2. Goetz v. Ansell, *supra* note 1.

3. Ray v. Fritz, 468 F.2d 586 (2d Cir. 1972) (per curiam).

4. Eisen v. Eastman, *supra*, 421 F.2d at 567 n. 11, *quoting* Note, Exhaustion of State Remedies Under the Civil Rights Act, 68 Colum.L.Rev. 1201, 1206 (1968).

## II.

Appellant's complaint alleged that he had been discharged by appellees because of a homework assignment given to his eleventh and twelfth grade English students on the subject of teen-age attitudes toward premarital sex. It was also alleged that appellees took into consideration a rumor regarding his moral character, thereby damaging his reputation, and that he was dismissed without notice or hearing. Appellant claimed that he was thus deprived of his right to freedom of speech, and deprived of property without procedural due process of law. Appellees maintained that appellant was discharged because he was demanding and uncooperative and showed poor judgment. They maintained further that, because of his probationary status, he had no property rights of which he could have been deprived.

█ As the district court repeatedly emphasized, the case in its present posture presents a dispute which is largely factual. Yet nowhere in the administrative process which the district court required appellant to exhaust was there a procedure designed to resolve factual issues. The Board did not conduct a fact-finding hearing, and the regulations governing appeals to the Commissioner, 8 N.Y. Code of Rules and Regulations § 276.2, make oral argument discretionary and expressly prohibit the taking of testimony:

> . . . . . . .
>
> (b) The commissioner may, in his sole discretion, determine whether oral argument shall be had.
>
> . . . . . . .
>
> (d) All evidentiary material shall be presented by affidavit or by exhibits. No testimony is taken and no transcript of oral argument will be made.
>
> . . . . . . .

Where a dispute is largely factual, we fail to see how an administrative remedy that expressly forbids the examination and cross-examination of witnesses can be considered adequate for purposes of the exhaustion rule.[5] We find ourselves in substantial agreement with the observation of Chief Judge Caleb Wright in Hayes v. Cape Henlopen School District, 341 F.Supp. 823, 831 (D.Del.1972):

> Although the prerequisites to adequate administrative remedies have not been specifically enumerated, the Court is of the opinion that unless the procedures involved provide a practical avenue for an aggrieved party to contest an administrative decision, it is not necessary for that party to exhaust its procedures. Since under Section 1983 an individual seeks to preserve or vindicate federally guaranteed rights, a strong national interest in protecting those rights makes it incumbent upon the federal courts to avoid erecting barriers to prosecution of such suits in federal tribunals. Thus, absent a clear showing that the state administrative procedures afford a realistic alternative for an aggrieved litigant, the exhaustion doctrine should not be implemented. The right to hear and refute evidence presented against oneself, the right to present evidence on one's behalf, the right to call witnesses on one's behalf and the right to an impartial tribunal would most likely be the components of an administrative procedure sufficiently adequate to require exhaustion prior to commencing a suit under Section 1983 to vindicate the interference with a constitutional right. To demand less is to vitiate the Supreme Court's repeated declaration that Section 1983 creates a separate and supplementary remedy for deprivation of constitutional rights.

---

5. The nature of a hearing before the Commissioner was described by this court in James v. Board of Education, 461 F.2d 566, 569 (2d Cir.), cert. denied, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 491 (1972): "The 'hearing' before the Commissioner, as we were informed at the argument of this appeal, was no more than an informal round-table discussion between the Commissioner, the parties and their attorneys. No transcript of the proceedings was made."

(Footnote omitted.) It should be emphasized that we are not holding that such procedures were constitutionally mandated in this case. Whether appellant was entitled to a hearing as a matter of due process goes to the merits of this case, which we do not reach. Our holding is simply that the administrative remedy was inadequate for purposes of the exhaustion rule.

■ A second factor leading us to hold that the administrative remedy was inadequate is that the constitutional issues raised by this case, particularly in the First Amendment area, lie within the expertise of courts, not the expertise of administrators.[6] And although it is no doubt true that the facts as viewed by an administrator's expert eye may provide guidance to a court in reaching constitutional determinations, such guidance will necessarily be absent where the administrator does not have an adequate procedure for finding facts. This case therefore presents little opportunity for the administrator to put his expertise to work in a manner that will be useful to a reviewing court.

■ An additional element to be considered is the fact that appellant's complaint sought damages for a conspiracy to violate his civil rights. The Commissioner has no power to grant such relief. In Ray v. Fritz, 468 F.2d 586 (2d Cir. 1972) (per curiam) we held that exhaustion of state administrative remedies in § 1983 actions is not required where the administrator is not empowered to grant the relief sought. Of course, a boilerplate claim for damages will not automatically render the administrative remedy inadequate. Where the relief claimed is the only factor that militates against the application of the exhaustion requirement, the complaint should be carefully scrutinized to ensure that the claim for relief was not inserted for the sole purpose of avoiding the exhaustion rule.

■ In light of the procedural nature of the administrative remedy, the issues presented, and the relief sought, we hold that the state administrative remedy in this case was inadequate, and that it was error to dismiss the complaint for failure to exhaust that remedy.

III.

■ Some additional matters require only brief mention. The district court held that the alternative basis for appellees' motions to dismiss—that the complaint failed to state a claim on which relief could be granted—was without merit. We are in agreement with this conclusion since plaintiff clearly stated at least one valid claim for relief. It is well settled that a public employee, tenured or not, cannot be discharged for engaging in activity that is protected by the First Amendment. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Russo v. Central School District, 469 F.2d 623 (2d Cir. 1972), cert. denied, 411 U.S. 932, 93 S.Ct. 1899, 36 L.Ed.2d 391 (1973). We, of course, intimate no opinion on whether the activity engaged in by appellant was thus protected.

In addition to granting the appellees' motions to dismiss, the district court denied appellant's motion for a temporary restraining order and preliminary injunction. The court stated that it could not have granted such a motion even if the motion to dismiss had been denied, since it appeared that appellant expected a ruling on that motion without an evidentiary hearing. In his brief on appeal, appellant states that he fully expected that an evidentiary hearing would be held. In light of our determination that the motion to dismiss was erroneously granted, the case must be

6. *Compare,* Eisen v. Eastman, *supra,* where the issue raised was whether the maximum level of rents set by a New York City District Rent and Rehabilitation Director was so low as to deprive a landlord of property without due process of law. This is essentially a rate-making issue, in which courts are inclined to defer to administrative bodies' expertise.

remanded, and appellant should then be allowed to renew his motion for preliminary relief and to pursue it through the proper procedures.

Finally, several of the appellees contend that they were improperly joined as defendants. We leave it to the district court on remand to sort out the parties.

Reversed and remanded.