Eileen SHUDTZ, Plaintiff,

v.

DEAN WITTER & CO., INC., Defendant.

No. 74 Civ. 5160.

United States District Court,
S. D. New York.

Nov. 8, 1976.

Keeffe Brothers by John A. Keeffe, Stephen D. Keeffe, New York City, for plaintiff.

Jackson, Nash, Brophy, Barringer & Brooks by Lawrence P. McGauley, Ronald S. Herzog, New York City, for defendant.

Equal Employment Opportunity Commission by Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Charles L. Reischel, Raj K. Gupta, Washington, D. C., amicus curiae.

MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

Plaintiff has, by motion, asked the court to reconsider its order of July 26, 1976 which declined, pursuant to its opinion of April 12, 1976, 418 F.Supp. 14, to endorse a stipulation whereby the parties consented to a restoration of this case to the active calendar of the court. The United States Equal Employment Opportunity Commission has asked to participate as *amicus curi-*

ae and has submitted a memorandum in support of the motion. The defendant has not chosen to oppose the motion, but has indicated by letter that it would defer to the court's judgment on the question. After due consideration, the court has decided to grant the requested relief and restore the case to the active calendar.

Reference may be had to the court's opinion of April 12, 1976 for the factual background of this motion. Beyond the facts contained therein, it need only be noted that, on April 1, 1976, before issuance of the court's opinion, the parties to this action jointly applied to the Commissioner of the New York State Division of Human Rights for an order discontinuing the proceeding in that forum. Pursuant to that request, the Commissioner signed the order of discontinuance on May 9, 1976. In May, the parties both stipulated to a return of this case to the active calendar of this Court in view of the termination of the New York State proceeding. However, the court declined to approve the stipulation in view of its prior opinion.

The situation thus created was that plaintiff's federal action was indefinitely stayed as a result of her failure to pursue her state administrative remedy to completion before commencement of her action in federal court. The court is now persuaded that this result is not warranted by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972, 86 Stat. 103, nor by the weight of the applicable case law.

In the first place, it has been brought to the court's attention that, while Congress apparently recognized the propriety of staying federal court actions under Title VII during the pendency of administrative proceedings, such stays were to be strictly limited in duration. Section 2000e–5(f)(1) of Title 42 provides, in relevant part, that "[u]pon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings [to rectify alleged unlawful employment practices] or further efforts of the [Equal Employment Opportunity] Commission to obtain voluntary compliance." This provision appears to contemplate a situation in which litigation between the parties may impede the relatively more conciliatory administrative processes, and gives the court power to hold the litigation in abeyance temporarily to encourage administrative resolution. It does not appear to authorize an indefinite stay pending exhaustion of administrative remedies. Thus, the cited provision seems to set a clear limit on the court's power to suspend activity in Title VII cases for reasons related to concurrent administrative activity.

Moreover, the authorities appear to clearly indicate that Section 2000e–5(c) of Title 42 requires merely *deferral* of federal administrative and judicial action during the sixty days following institution of state or local administrative action; it does not require that state or local remedies be *exhausted* as a condition precedent to federal action. *See Voutsis v. Union Carbide Corporation,* 452 F.2d 889 (2d Cir. 1971), *cert. den.,* 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117; *Crosslin v. Mountain States Telephone and Telegraph Co.,* 422 F.2d 1028, 1031 (9th Cir. 1970), *vacated and remanded* 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618; *Goger v. H. K. Porter Co., Inc.,* 492 F.2d 13, 15 (3rd Cir. 1974).

This court recognized, of course, in its prior opinion that Title VII, by its terms, does not require *exhaustion* of state administrative remedies. However, relying upon Judge Frankel's reasoning in *Rios v. Enterprise Ass'n Steamfitters Loc. U. No. 638 of U.A.,* 326 F.Supp. 198 (S.D.N.Y.1971), *aff'd,* 501 F.2d 622 (2d Cir. 1972), this court ruled that a plaintiff might not invoke the state administrative mechanism and then, in effect, terminate the state proceeding by filing a suit in this court which resulted in its practical suspension.

The court has since been directed to the Supreme Court's later decision in *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), reaffirming the independence of Title VII

**50**

relief from alternative remedies available to a person alleging discriminatory practices in employment. 421 U.S. at 459, 95 S.Ct. 1716. In that case, the Court made the following observation, which appears to bear upon this court's previous decision: "Conciliation and persuasion through the administrative process, to be sure, often constitute a desirable approach to settlement of disputes based on sensitive and emotional charges of invidious employment discrimination. We recognize, too, that the filing of a lawsuit might tend to deter efforts at conciliation . . . . But these are the natural effects of the choice Congress has made available to the claimant by its conferring upon him independent administrative and judicial remedies." 421 U.S. at 461, 95 S.Ct. at 1720.

■■ In view of this clear recognition by the Supreme Court that such interference is a natural and permissible effect of the remedial scheme devised by Congress in passing Title VII, this court considers that the transfer of this case to the Suspense Calendar for the reasons previously cited was unnecessary. Moreover, since such a transfer was based primarily upon this court's view of the procedural spirit of Title VII, it follows from the reasoning of the court's previous opinion that there is nothing in the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, as amended by the Equal Pay Act, 77 Stat. 56, which would independently compel or warrant a further stay of the proceedings.

Accordingly this case is ordered transferred from the Suspense Calendar to the active calendar of this court.

SO ORDERED